## W. BURGE v. THE STATE.

No. 8048.   Delivered November 12, 1924.

Rehearing denied February 11, 1925.

**Transporting Intoxicating Liquor—Evidence Held Sufficient.**

Officers followed a Ford car, in which appellant was travelling on a public road, in which car upon investigation was found whisky. Appellant's defense was that he was riding along the road, and observed a bottle by the side of the road, and picked it up and thought it was empty. *Held*, sufficient to sustain the conviction.

Presiding Judge Morrow dissents for reasons expressed in dissenting opinion in Gandy v. State, No. 7579.

Appeal from the District Court of Hardin County. Tried below before the Hon. J. L. Manry, Judge.

Appeal from a conviction of transporting intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Hardin County of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

There appears but one bill of exceptions in the record which is not authenticated by the learned trial judge and for that reason cannot be considered. The indictment is in regular form and the charge presents the law, and the testimony seems ample to support the conviction. Officers followed a Ford car in which appellant was traveling on a public road, in which car upon investigation was found whisky. Appellant's defense was that he was riding along the road and observed a bottle lying by the side of the road and picked it up and thought it was empty. The jury seem to have resolved the facts against appellant and we deem them sufficient to support the conclusion of guilt.

No error appearing, an affirmance is ordered.

*Affirmed.*

### DISSENTING OPINION.

MORROW, PRESIDING JUDGE.—I am unable to concur in the affirmance of this case for the reason that, in my judgment, the evidence does not prove the offense of transporting intoxicating liquor. The single fact upon which the conviction rests is that the appellant had in his possession a quart bottle containing some whisky. It is lawful to possess whisky unless it be for the purpose of sale, and the law implies no inference of an unlawful possession where the quantity is not more than a quart.

The views of the writer are expressed in more detail in the dissenting opinion in the case of Gandy v. State, No. 7579, to which reference is made.